OPINION
Desmond K. Johnson was indicted on April 22, 1998 on charges of attempted murder, felonious assault on a peace officer, and involuntary manslaughter. He entered pleas of "not guilty" at arraignment. The case proceeded to trial in late July of 1998 and Mr. Johnson was found guilty of all three charges, along with applicable firearm specifications. The trial judge then merged the convictions for attempted murder and felonious assault for purposes of sentencing. As a result, Mr. Johnson was sentenced to eight years of incarceration for attempted murder, five years for involuntary manslaughter and five years for the firearm specification. These sentences were ordered to be served consecutively, for a total term of incarceration of eighteen years.
Counsel has now pursued a direct appeal on behalf of Desmond Johnson (hereinafter "appellant"), assigning four errors for our consideration:
 FIRST ASSIGNMENT OF ERROR: Appellant's attempted murder conviction was not supported by the evidence and was against the manifest weight of the evidence.
 SECOND ASSIGNMENT OF ERROR: Appellant's felonious assault conviction was not supported by the evidence and was against the manifest weight of the evidence.
 THIRD ASSIGNMENT OF EROR: The court erroneously refused to instruct the jury on the lesser[-]included offense of negligent assault.
 FOURTH ASSIGNMENT OF ERROR: The evidence established that as a matter of law appellant acted in self-defense.
Appellant was a passenger in a car being driven by a drug dealer named Derrick Calhoun, when approximately twenty police officers began the process of arresting Calhoun. Appellant had armed himself with a .25 caliber pistol and another firearm was nearby in the car. The arrest erupted into a hail of bullets. Appellant shot a Columbus police officer in the face. Derrick Calhoun was shot and killed.
At trial, no serious doubt existed that appellant shot the police officer or that the shooting resulted in a large amount of return fire, causing the death of Derrick Calhoun. The primary issue at trial was whether appellant proved that he acted in self-defense. Additional pertinent facts are set forth below.
Appellant's first and second assignments of error are interrelated and, accordingly, will be addressed together. Appellant contends that his convictions for attempted murder and felonious assault were not supported by sufficient evidence and were against the manifest weight of the evidence.
Initially, we note the respective standards by which we are bound in reviewing these claimed errors.
"The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. In Thompkins, the court explained at length the distinctions between the two standards:
 With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486 * * *. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida
(1982), 457 U.S. 31, 45, * * * citing Jackson v. Virginia (1979), 443 U.S. 307 * * *.
When reviewing the sufficiency of the evidence to support a conviction, an appellate court must review the record to determine "whether the evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In Jenks, the Supreme Court set forth the stringent standard of review to be applied in a sufficiency analysis:
 The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
In contrast, as explained in Thomkins, supra, a manifest weight analysis is slightly different:
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487 * * *. Weight of the evidence concerns `the inclination of the greater amount of credible evidence,
offered in a trial, to support one side of the issue than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis added.) Black's, supra, at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a `"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42 * * *. See, also, State v. Martin
(1983), 20 Ohio App.3d 172, 175 * * * (`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.').
Pursuant to the foregoing standards, we examine the record in a light most favorable to the prosecution to determine if the prosecution proved beyond a reasonable doubt each element of the offenses charged, and/or whether the jury "lost its way" in convicting appellant such that a manifest miscarriage of justice occurred.
Columbus Police narcotics officers had made previous buys of cocaine from Derrick Calhoun with the assistance of Ed Green. On the day of the shootings, the officers had arranged to purchase nine ounces of cocaine in two stages. The officers planned to make arrests after the first stage of the sale and assembled over twenty police officers in the area of Columbus Square Shopping Center. None were dressed in police uniforms, although at least some were wearing hats or other items of apparel which indicated that they were police officers.
Two cars, neither of which was a marked police cruiser, were used to block in Derrick Calhoun's car so the arrests could occur without having to chase Calhoun's car. According to appellant, Calhoun yelled "[w]e're being robbed" after an armed man was seen running toward Calhoun's car and at about the same time the two cars blocked the Calhoun car in.
Based upon this set of circumstances, appellant claimed that he believed that he was in imminent danger of death and/or serious bodily harm. Flight was not an available option. He did not, from his point of view, give rise to the affray. As a result, he believed that he acted in self-defense and was entitled to be acquitted of the charges against him.
To be weighed against this view of the evidence was evidence from a court bailiff who heard appellant indicate to a relative that he had shot the police officer in the face and the testimony of several police officers at the scene who stated that they announced loudly, clearly, and frequently that they were police officers and that the occupants of the Calhoun car were under arrest. The officers testified essentially that appellant had to be aware that he was being arrested and that he was not being robbed.
By his first assignment of error, appellant contends that his attempted murder conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.
"Attempt" is defined in R.C. 2923.02(A) as follows:
 No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
Pursuant to R.C. 2903.02(A), "murder" is defined as purposely causing the death of another.
Our review of the evidence supports the jury's verdict finding appellant guilty of attempted murder. The evidence sufficiently supports a finding that, if appellant was not acting in self-defense, he was attempting to cause the death of the officer in an attempt to elude arrest.
Since appellant's conviction for attempted murder was supported by sufficient evidence, and was not against the manifest weight of the evidence, the first assignment of error is overruled.
In his second assignment of error, appellant similarly challenges his conviction for felonious assault on a police officer. Again, we disagree.
The elements of the charge, as set forth in R.C.2903.11(A)(2) and (B), are:
(A) No person shall knowingly:
* * *
 (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11
of the Revised Code.
 (B) Whoever violates this section is guilty of felonious assault, a felony of the second degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, felonious assault is a felony of the first degree.
As noted above, appellant acknowledged in the presence of a court bailiff that he shot a police officer in the face. He acknowledged at trial that he shot his gun several times and was pointing it in the direction of the police officer he shot. Under the circumstances, the finding as to the elements of felonious assault on a police officer is clearly supported by sufficient evidence and is not against the manifest weight of the evidence.
The second assignment of error is overruled.
Our review of the evidence also dictates rejection of appellant's fourth assignment of error, in which he contends that, as a matter of law, the evidence demonstrated that he acted in self-defense.
Self-defense is an affirmative defense for which the defendant bears the burden of proving, by a preponderance of the evidence, several elements. In State v. Robbins (1979), 58 Ohio St.2d 74, the Supreme Court of Ohio held, at paragraph two of the syllabus:
 To establish self-defense, the following elements must be shown: (1) the slayer was not at fault in creating the situation giving rise to the affray; (2) the slayer had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the slayer must not have violated any duty to retreat or avoid the danger. (State v. Melchior, 56 Ohio St.2d 15, approved and followed.)
The jury had a great deal of evidence about the shootings before it and manifestly rejected the affirmative defense. By its verdict, the jury believed the testimony of law enforcement officers, readily identifiable as such by their attire, who testified that they had made unmistakable pronouncements of their intentions to arrest. Our review of the record, as discussed above, strongly supports a finding that the jury, as the finder of facts, acted well within its province in reasonably weighing the evidence in the manner it did.
This jury deliberated carefully over a two-day period. By its verdict, the jury found that appellant did not prove by a preponderance of the evidence that he acted in self-defense. The jury was in a better position to weigh the credibility of the witnesses than this appellate court can be. The jury's finding that appellant did not act in self-defense is supported by the requisite evidence.
The fourth assignment of error is overruled.
By his third assignment of error, appellant argues that the trial court erred in refusing to charge the jury on the lesser-included offense of negligent assault, as defined in R.C.2903.14(A), as follows:
 No person shall negligently, by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code, cause physical harm to another * * *.
The testimony at trial established that appellant was intentionally shooting at an armed man who was running at Derrick Calhoun's car. Under the circumstances, the shooting could not be found to be a negligent shooting unless the jury totally disregarded the evidence. As noted above, appellant's defense was that he shot in self-defense — an intentional act. Under the circumstances, the trial court committed no error in refusing to charge the jury on negligent assault.
The third assignment of error is overruled.
Having overruled the assignments of error, the judgment of the trial court is affirmed.
BROWN and KENNEDY, JJ., concur.