74

THE STATE OF OHIO, APPELLEE, *v.* ROBBINS, APPELLANT.

(No. 78-906—Decided May 2, 1979.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Steve Robins,* for appellee.

*Mr. James Kura* and *Mr. Gregory L. Ayers,* for appellant.

DONOFRIO, J. Appellant's first proposition of law states:

"The element of prior calculation and design in the offense of aggravated murder, Ohio Revised Code Section 2903.01(A), requires that the defendant exercise studied

care in planning or analyzing the means or instrument with which to kill another, as well as the scheme by which it is to occur. Prior calculation and design is not established where, as here, the evidence clearly shows that the killing occurred on the spur of the moment or after momentary deliberation during a heated brawl which resulted from an instantaneous eruption of events."

Appellant was convicted of aggravated murder pursuant to R. C. 2903.01(A), which reads:

"No person shall purposely, and with prior calculation and design, cause the death of another."

Although we agree with appellant's contention that prior "calculation and design" is a more stringent element then the "deliberate and premeditated malice" which was required under prior law, we do not agree with appellant's contention with regard to the evidence. The state's evidence, which the jury evidently believed, indicates that the appellant was the aggressor and, contrary to appellant's interpretation, the evidence was not such as indicating a heated brawl which resulted from an instantaneous eruption of events, but, on the contrary, as noted by the Court of Appeals, the appellant accosted the decedent in the hallway of their apartment building and struck the decedent, knocking him to the floor. Further, the state's evidence was that the appellant went into his adjacent apartment and got a long knife, or "sword," from under his mattress, returned to the hallway and stabbed the victim to death. The victim tested .42 percent blood alcohol content, which, according to the medical examiner, would probably result in a condition where the victim could not have been a real threat to anyone and that his stupor would have been obvious. The appellant and Hastine Clark, who testified for the prosecution, moved the victim's body to another apartment and attempted to clean the hallway.

The actions of appellant as adduced by the state's evidence established that appellant used extreme aggression against a helpless victim, then leaving the victim in the hallway and returning to his apartment to secure the wea-

pon which he used to stab the victim to death instants later. This evidence is sufficient to support a jury's finding of "prior calculation and design."

These facts as could be interpreted by the jury do not so much speak of a heated brawl, but of appellant's holding the victim's life in such cheap regard. This court similarly construed "prior calculation and design" in *State v. Cotton* (1978), 56 Ohio St. 2d 8, at paragraph three of the syllabus, stating:

"Where evidence adduced at trial reveals the presence of sufficient time and opportunity for the planning of an act of homicide to constitute prior calculation, and the circumstances surrounding the homicide show a scheme designed to implement the calculated decision to kill, a finding by the trier of fact of prior calculation and design is justified."

The appellant's first proposition of law must be rejected.

Appellant's second proposition of law is that the appellant presented sufficient evidence to raise the defense of self-defense, and that it was prejudicial error for the trial court to refuse to instruct the jury on that defense. The trial court charged the jury on aggravated murder and the lesser included crimes of murder and voluntary manslaughter. The trial court found that the plea of self-defense was not available to the appellant since the appellant was the aggressor and had not withdrawn from the affray. The Court of Appeals in its opinion held that appellant's testimony constituted sufficient evidence to raise the affirmative defense of self-defense, but that the failure of the trial court to charge thereon was not prejudicial. We find from a thorough reading of the record that there was insufficient evidence to raise a question in the minds of reasonable men concerning the existence of such issue of whether the appellant acted justifiably in self-defense. In the recent case of *State v. Melchior* (1978), 56 Ohio St. 2d 15, at pages 20-21, this court stated:

"To establish self-defense, the following elements

must be shown: (1) the slayer was not at fault in creating the situation giving rise to the affray, *Stewart* v. *State* (1852), 1 Ohio St. 66, 75; *State* v. *Doty* (1916), 94 Ohio St. 258; *State* v. *Morgan* (1919), 100 Ohio St. 66, 72; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force, *Marts* v. *State* (1875), 26 Ohio St. 163, paragraph two of the syllabus; *State* v. *Champion* (1924), 109 Ohio St. 281, paragraph one of the syllabus; *State* v. *Sheets* (1926), 115 Ohio St. 308, 310; and (3) the slayer must not have violated any duty to retreat or avoid the danger, *State* v. *Peacock* (1883), 40 Ohio St. 333, 334; *Graham* v. *State* (1918), 98 Ohio St. 77, 79.''

In the instant cause, appellant admitted striking the first blow and being the aggressor. From his own testimony the affray took a turn for the worse as far as he was concerned in that the victim was choking him. He claims that this was the reason he struck back with a knife. However, from the evidence adduced it appears that appellant had many opportunities to retreat and avoid danger, which he failed to do. Appellant testified as follows:

''Q. At the time you killed Jan Canterbury, were you thinking about the right of self-defense?

''A. Sir?

''Q. At the time you killed Jan Canterbury, did you think about self-defense? Did it occur to you that you may have had a right to self-defense?

''A. No, sir.''

*State* v. *Melchior, supra,* in paragraph one of the syllabus, states:

''The proper standard for determining in a criminal case whether a defendant has successfully raised an affirmative defense under R. C. 2901.05 is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue.''

The evidence in the record is clear that the appellant

was at fault in creating the situation giving rise to the affray and nowhere in the record is there evidence indicating an attempt on the part of the appellant to withdraw from the conflict and his intention of abandoning his actions to do harm to the victim.

We find that the trial court did not err in its refusal to instruct the jury on the charge of self-defense, and appellant's second proposition of law is not well taken.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and HOLMES, JJ., concur.

DONOFRIO, J., of the Seventh Appellate District, sitting for LOCHER, J.