**The STATE of Ohio, Appellee,**

**v.**

**LAZICH, Appellant.**

[Cite as *State v. Lazich* (1997), 117 Ohio App.3d 477.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 93 C.A. 127.

Decided Jan. 31, 1997.

478

*James A. Philomena,* Mahoning County Prosecuting Attorney, and *Michele G. Cerni,* Assistant Prosecuting Attorney, for appellee.

*Don L. Hanni,* for appellant.

---

Cox, Judge.

This matter presents a timely appeal from a decision of the Mahoning County Common Pleas Court, finding defendant-appellant, William Milo Lazich, guilty of voluntary manslaughter in violation of R.C. 2903.03 and guilty of a firearm specification.

On the afternoon of July 16, 1991, the decedent was visiting friends who lived next to appellant. There is some question as to whether or not the decedent was riding a bike on appellant's property and disturbing his dogs. Appellant, believing that the decedent was on his property, exchanged words with the decedent and came out of his house with a shotgun and a .22 caliber pistol, which appellant claims were just to frighten the decedent into leaving.

Appellant claims that he went back into his house to call for police assistance and the decedent continued to taunt him. At some point, appellant came back out of his house to feed his dogs and tipped over the bike which the decedent had been riding, apparently because it was still on appellant's property. The argument between appellant and the decedent escalated.

Appellant relates that he was attempting to retreat into his house when he heard someone running toward him and was struck on the head, falling to the ground. He continues that the decedent was preparing to kick him, and out of fear, he then pulled out the .22 caliber pistol, which discharged without appellant intending to pull the trigger. Appellee, state of Ohio, claims it was during the exchange of words that appellant pulled out the pistol and shot the decedent when he was standing two to three feet away. The decedent died as a result of the gunshot wound.

On August 9, 1991, appellant was indicted for murder in violation of R.C. 2903.02(A), along with a firearm specification. Appellant waived his right to a jury trial and the case proceeded to trial before the court on May 26, 1993. Appellant was found guilty of voluntary manslaughter. Appellant was sentenced to an indefinite incarceration term of five to twenty-five years on the voluntary manslaughter conviction and three years actual incarceration for the firearm specification, to be served consecutively and prior to the indefinite incarceration term.

Appellant's sole assignment of error alleges:

"The trial court's finding of guilty is unsupported by and is contrary to the weight of the evidence which clearly indicates the appellant unintentionally killed the decedent while attempting to defend himself from an attack by the decedent."

Appellant cites *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, for the proposition that the relevant inquiry for a reviewing court is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. In other words, a reviewing court must determine whether there was substantial evidence to support the guilty verdict. *Jenks, supra.*

R.C. 2903.03 sets forth the elements of voluntary manslaughter, for which appellant stands convicted, as being (1) *knowingly,* (2) cause the death of another, (3) while under the influence of sudden passion or in a sudden fit of rage, (4) occasioned by serious provocation, (5) sufficient to incite the offender (6) to use deadly force. (Emphasis added.)

Appellant explains that the active aggressor in this incident was the decedent. Cynthia L. Trom testified that the decedent went past a "no trespassing" sign, purposely parked his bike on appellant's property to cause trouble and was harassing appellant.

Appellant contends that he was fearful the decedent was going to do grave bodily injury to him. Appellant was a seventy-year-old man in generally poor health and the decedent was a healthy, well-built twenty-year-old youth. Further, appellant points out that uncontroverted medical testimony regarding the bullet's entry and path showed that he was lower than the decedent when the pistol discharged.

These facts, which were elicited from all witnesses, not just appellant himself, are consistent with and supportive of the defense theory that appellant accidently discharged the pistol while attempting to protect himself from the decedent's attack. Therefore, the prosecution did not prove beyond a reasonable doubt that appellant "knowingly" caused the decedent's death.

Appellee responds by citing *Jenks, supra,* for the proposition that the reviewing court must take into account that the trier of fact reached its verdict with benefit of trial testimony and instructions of law. Appellee contends that although appellant explained he feared the infliction of grave bodily harm by the decedent, this fear-generating provocation is just the type of provocation contemplated by the statute.

Pursuant to *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, the provocation "must be reasonably sufficient to bring on extreme stress and * * * to incite or to arouse the defendant into using deadly force." Pursuant to R.C.

2901.22(B), "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result * * *."

Appellee argues that appellant's self defense theory does not stand up under the circumstances in the case at bar. In *State v. Robbins* (1979), 58 Ohio St.2d 74, 12 O.O.3d 84, 388 N.E.2d 755, the Ohio Supreme Court stated:

"To establish self defense, the following elements must be shown: (1) the slayer was not at fault in creating the situation giving rise to the affray; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force, and (3) the slayer must not have violated any duty to retreat or avoid the danger."

The definitions of self defense pursuant to *Robbins, supra*, and of "knowingly" pursuant to R.C. 2901.22(B) support appellant's arguments. The evidence established that appellant was guilty of negligent homicide in violation of R.C. 2903.05. However, appellant was indicted for murder, and negligent homicide is not a lesser included offense of murder. *State v. Koss* (1990), 49 Ohio St.3d 213, 551 N.E.2d 970, paragraph four of the syllabus.

Appellant argued at trial and moved the court to consider the "inferior degree" offenses of voluntary manslaughter and involuntary manslaughter. Although the indictment charged the appellant with the offense of murder the trial court was permitted to consider these crimes of "inferior degree" if the evidence would so warrant and if requested by the appellant. *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294.

Under Crim.R. 7(D) the indictment could not have been amended at the end of the trial to change the substance or identity of the charge. Because the finder of fact could find the appellant guilty only of murder or a lesser offense as properly requested, we are precluded from entering judgment finding appellant guilty of negligent homicide.

Appellant's assignment of error is found to have merit.

The judgment of the trial court is reversed and the defendant-appellant is discharged.

*Judgment reversed.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.