OPINION
Appellant Thomas Cole appeals from a conviction in the Delaware County Court of Common Pleas on one count of trespass and one count of assault. Appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On June 22, 1997, appellant and his younger brother, John Cole, drove to Mike Veres's house. Earlier that evening, John Cole had an argument with his girlfriend, Diana Stankiewicz, and thought she might be at Veres's house.
Upon their arrival at Veres's house, appellant parked his car on the street and waited while John Cole walked up the driveway. Veres' and Stankiewicz remained in Stankiewicz's car as John Cole approached them. Diana exited the car and began to argue with appellant's brother by the passenger side of the car. After a few moments, John Cole pushed Diana. Diana struck Cole on the lip. Diana then returned to her seat in the car.
John Cole returned to where appellant had parked his car. He told appellant that Veres's had struck him. Appellant then accompanied his brother back to Diana's car. Both Veres and Diana exited the car.
There are two versions of the events that occurred next. Appellant contends that Veres told him to get off his (Veres's) property and charged him in a threatening manner. Appellant then contends that he struck Veres in self-defense. Veres contends that he at no time charged or attempted to strike appellant and that, without provocation, appellant pushed him to the ground and began striking him on the head.
At 2:15 a.m., a Delaware County Sheriff's deputy arrived on the scene. Veres had several apparent injuries and claimed that appellant caused them. At 2:48 a.m., a Genoa Township police officer sighted appellant and his brother and took them into custody. Appellant was charged with assault and aggravated criminal trespass. Before trial, the prosecution amended its complaint from aggravated criminal trespass, in violation of R.C.2911.211(A), to criminal trespass in violation of R.C. 2911.21(A).
At trial, defense called the appellant's father. During the course of his testimony, defense counsel asked him whether he had spoken with his son about any advice he gave his son about defending himself. The prosecution objected. The trial court sustained the objection. Defense counsel also asked appellant's father if appellant had ever been attacked as a child. The State objected again, and the trial court sustained the objection.
After dismissing the jury, defense counsel made further arguments in support of his requested jury instruction on the defense of another, which was previously denied. The trial court ruled that appellant was not entitled to an instruction on defense of another. After deliberation, the jury found appellant guilty of criminal trespass and assault. The trial court sentenced appellant to sixty days in jail. This verdict and sentence was memorialized in a judgment entry dated December 1, 1997.
It is from this judgment entry that appellant prosecutes this appeal, raising the following assignments of error:
 I. THE COURT ERRED WHEN IT EXCLUDED TESTIMONY FROM THE DEFENDANT'S FATHER ABOUT HIS TRAINING IN CONFRONTATIONAL SITUATIONS IN SUPPORT OF HIS STATE OF MIND, WHICH WAS RELEVANT TO THE COURTS [SIC] INSTRUCTION TO THE JURY ON SELF-DEFENSE.
 II. THE TRIAL COURT ERRED WHEN IT EXCLUDED TESTIMONY ABOUT A PRIOR ATTACK ON THE DEFENDANT, AS IT RELATED TO HIS STATE OF MIND, WHICH IN TURN WAS RELEVANT TO THE COURT'S INSTRUCTION TO THE JURY ON SELF DEFENSE
 III. THE COURT ERRED WHEN IT REFUSED TO GRANT A JURY INSTRUCTION ON DEFENSE OF OTHERS WHERE BOTH DEFENDANT AND HIS BROTHER TESTIFIED THAT THEY WERE IN FEAR FOR THE BROTHER'S SAFETY, AND THE EVIDENCE WAS INTRODUCED THAT THE VICTIM HAD HIT THE DEFENDANT'S BROTHER IN THE PAST, CAUSING INJURY.
 I, II
As appellant's first and second assignments of error are similar, we will consider them together. In his first and second assignments of error, appellant argues the trial court erred by excluding testimony relating to the previous experiences of appellant, with confrontational situations, and advice about how to safely deal with them. Appellant contends that this testimony would serve to support the contention that he had a bona fide belief that the use of force was necessary to avoid serious harm from Michael Veres.
Self-defense claims must meet three criteria. First, the defendant must prove that he was not at fault in creating the situation which gave rise to the use of force. Second, the defendant must have had a bona fide belief that he was in danger of great bodily harm and the only recourse was to use force. Third, the defendant must demonstrate that he did not violate any duty to retreat or avoid the danger. State v. Jackson (1986),22 Ohio St.3d 282, 283.
In order to admit evidence relating to the affirmative defense of self defense, such evidence must be relevant pursuant to the Ohio Evidence Rules. The definition of "relevant evidence" is provided by Evid.R. 401, which states:
 "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
The applicable standard of review for the trial court's decision not to admit evidence in this case is abuse of discretion. The trial court is normally afforded broad discretion. An abuse of discretion occurs only when the trial court's attitude is unreasonable, arbitrary, or unconscionable, it connotes more than an error of law or judgment. State v. Unger
(1981), 67 Ohio St.2d 65, paragraph one of the syllabus; State v.Clark (1994), 71 Ohio St.3d 466, 470.
In this case, the testimony of appellant's father, as to the advice he gave appellant as a child, does not relate to the existence of a subjective belief in appellant that force was necessary on the night in question. Such testimony is simply too vague and unconnected to the incident at issue to be considered material.
Furthermore, the testimony relating to appellant's childhood experience of being "sucker punched" does not serve to indicate his beliefs at the time of his confrontation with Veres. Appellant's childhood experiences are too distant and unrelated to the instant situation to be considered a relevant piece of evidence.
Assuming, sub judice, that the testimony in question was relevant to appellant's state of mind, we find the trial court's decision not to admit it was harmless error because as a matter of law, appellant did not prove the other elements of self-defense. Specifically, appellant created a situation leading to violence by accompanying his brother onto Veres's property and by approaching Veres. John Cole told appellant that Veres hit him. Tr. at 37. Appellant was in a position of safety and could have left with his brother had he chosen to do so. Nevertheless, appellant accompanied his brother back to Veres's car. By choosing to confront Veres, appellant created the very situation which he claims necessitated the use of force.
In a criminal case, it must be shown that any error committed by the trial court clearly prejudiced the defendant before a conviction may be reversed. R.C. 2945.83(C). Appellant cannot satisfy this test for several reasons. First, the evidence indicates that even if appellant had a bona fide belief that he was in danger, he did not satisfy the other requirements of a self-defense claim and thus, was not prejudiced by the exclusion of the testimony in question. Second, appellant's testimony was contradicted by that of the State's witnesses who testified that the appellant was the aggressor.
Accordingly, appellant's first and second assignments of error are overruled.
 III.
In appellants third assignment of error, he argues the trial court erred by refusing to instruct the jury on defense of another given testimony that appellant thought his brother might be in danger from Veres.
A defendant is entitled to a requested jury instruction if he introduces sufficient evidence to raise a question in the minds of reasonable men concerning the existence of such an issue. State v.Robbins (1979), 58 Ohio St.2d 74, 80, citing State v. Melchoir
(1978), 56 Ohio St.2d 15, at paragraph one of the syllabus.
In this case, appellant did not provide evidence sufficient for a reasonable juror to conclude that he acted in defense of his brother on the night when he confronted Veres. Conflicting testimony regarding the injury to appellant's brother and the testimony of the State's witnesses that appellant was the aggressor that night indicate that a reasonable juror could not have found that appellant acted in defense of his brother.
Assuming, sub judice, that appellant could demonstrate there was sufficient evidence, in the record, to justify instructions on defense of another, appellant still has not proven that he was prejudiced by the failure of the court to give the instructions. In the absence of proof that appellant was prejudiced, we find any error committed by the trial court by not giving instructions on defense of another to be harmless.
Accordingly, appellant's third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.