MEMORANDUM DECISION
Defendant-appellant, Thomas G. Moody, and his brother, Ronald Moody, were indicted on charges including murder, with a firearm specification, felonious assault and having a weapon while under a disability. The trial court dismissed the charge against appellant of having a weapon while under a disability. A joint trial against appellant and his brother began but Ronald Moody entered into a plea agreement after the first witness testified. The jury trial proceeded against appellant. The jury found appellant guilty of murder and felonious assault. Appellant was sentenced to a term of imprisonment of fifteen years to life on the murder charge with a three-year mandatory term on the firearm specification and an eight-year term of imprisonment on the felonious assault charge. Appellant filed a notice of appeal and raises the following assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED WHEN IT FAILED TO ENTER A JUDGMENT OF ACQUITTAL WHERE NO RATIONAL TRIER OF FACT COULD HAVE FOUND THE EXISTENCE OF AN ESSENTIAL ELEMENT OF THE CRIME OF MURDER PROVEN BEYOND A REASONABLE DOUBT.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED WHEN IT INSTRUCTED THE JURY ABOUT COMPLICITY, BUT REFUSED TO INSTRUCT THE JURY ABOUT THE TRANSFERRED DEFENSE OF SELF DEFENSE.
ASSIGNMENT OF ERROR NO. 3
 THE GUILTY FINDING[S] ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE AS A MATTER OF LAW AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE PROSECUTION FAILED TO PROVE THAT THE APPELLANT AIDED OR ABETTED RONALD MOODY IN SHOOTING THE TWO INDIVIDUALS.
The charges arise out of events which occurred on November 11, 1997. Several witnesses testified that Sylvester Harrington, III, and Paul Holder, a.k.a. John Williams, were on S. 22nd Street and stopped Ronald Moody to inquire about his puppy. Sylvester believed the puppy was his puppy. Eventually, the discussion escalated into a fist fight between Ronald and Sylvester, and appellant and Paul. Ronald pulled a knife and the fights ended. Sylvester and Paul retreated to 672 S. 22nd Street where Paul's aunt lived. Ronald drove away and appellant went to his home at 700 S. 22nd Street. During these fights, LaMarr Newbern was on his porch at 685 S. 22nd Street with friends, Rip, Khadaffi Johnson and another unidentified person. Three eyewitnesses and appellant testified that Ronald returned and walked around the block. Appellant testified that Ronald gave him a gun and he placed it in his pants. (Tr. Vol. IV, 175.) Appellant was standing on his porch and Ronald was in the front yard of 700 S. 22nd Street. LaMarr Newbern's brother, Zachariah Brown, testified that he, Newbern, Khadaffi Johnson, Rip, Thomas and Baby Girl were in the front yard of 685 S. 22nd Street. Brown testified that he, Newbern and Johnson left to meet his sister at the bus stop and were walking south on S. 22nd Street towards Livingston Avenue. Thomas, Rip and Baby Girl started walking north on S. 22nd Street towards Newton. Paul Holder testified that Newbern first walked to 672 S. 22nd Street to ask if he was okay after the fight concerning the puppy. Then Newbern and the others walked towards 700 S. 22nd Street. Brown testified that Ronald made a "little smart comment" to them and Newbern and Johnson stopped. (Tr. Vol. III, 141.) Words were exchanged and Johnson started to take off his coat. Ronald pulled out a gun and appellant then pulled out the gun he had in his possession. Newbern was shot in the chest and Johnson was shot in the head. Appellant testified that Ronald shot Johnson after Johnson made a move that looked as if he were pulling out a gun, and then walked up to Newbern and shot him. Appellant admitted he fired his gun but stated he only did so after Johnson and Newbern had been shot, and only to scare the others to make them run. He testified that he did not shoot anyone and did not intend to shoot anyone. He stated that bullets were fired above everyone because he was standing on an elevated porch approximately nine feet above the street. Johnson died at Children's Hospital on November 17, 1997. Appellant was charged with the murder of Johnson and the felonious assault of Newbern.
By the first assignment of error, appellant contends that the trial court erred when it failed to enter a judgment of acquittal because no rational trier of fact could have found the existence of an essential element of the crime of murder was proven beyond a reasonable doubt. Appellant contends that the prosecution failed to prove the identity of the deceased or, in other words, that the person who was shot was the same person who died. R.C. 2903.02(A) defines murder as "[n]o person shall purposely cause the death of another." The evidence produced at trial demonstrated that two people were shot, one of whom was named Khadaffi Johnson, and he was taken to Children's Hospital where he later died. The coroner identified a picture of a person he examined who was identified to him as Khadaffi Johnson. However, there is no evidence in the record that the person identified as Khadaffi Johnson who was shot was the same person identified as Khadaffi Johnson who was examined by the coroner. Thus, appellant argues that the prosecution has failed to prove that appellant caused the death of the person examined by the coroner.
In this case, Brown testified that appellant shot Johnson. (Tr. Vol. III, 190.) Detective Farbacher testified that he went to Children's Hospital to collect Johnson's clothing. (Tr. Vol. III, 10-11.) Detective Gillette testified that Johnson was taken to Children's Hospital and died there six days later on November 17, 1997. (Tr. Vol. IV, 12, 18.) The coroner testified that he performed an autopsy on a body identified to him as Johnson on November 18, 1997. (Tr. Vol. III, 104.) The person had died on November 17, 1997, at Children's Hospital as the result of a gunshot wound to the head. (Tr. Vol. III, 104, 105.) This evidence is sufficient circumstantial evidence to prove Johnson's identity. As the Supreme Court of Ohio stated in the first paragraph of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259, circumstantial evidence possesses the same probative value as direct evidence and should be subjected to the same standard of proof. Appellant argues that Brown's testimony is not reliable but credibility issues are for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Thus, appellant's first assignment of error is not well-taken.
By the second assignment of error, appellant contends that the trial court erred when it instructed the jury concerning complicity but refused to instruct the jury concerning the defense of transferred self-defense. A trial court may only instruct the jury on issues raised by the indictment and evidence. State v.Denny (Oct. 12, 1989), Franklin App. No. 89AP-329, unreported (1989 Opinions 3905, 3912). The elements of self-defense are: (1) the defendant was not at fault in creating the situation; (2) the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm, and that his only reasonable means of escape was the use of such force; and (3) the defendant must not have violated any duty to retreat. State v. Robbins (1979),58 Ohio St.2d 74, paragraph two of the syllabus.
In State v. Hill (1994), 70 Ohio St.3d 25, the Supreme Court of Ohio permitted the use of a "personal-use" defense as provided in R.C. 2925.03(F) to a charge of complicity to trafficking in marijuana by a person who was charged as a complicitor. In Hill, the prosecution argued that the defendant could not assert such defense because it was a defense personal to the principal offender. The Supreme Court rejected that argument and approved the use of a transferred defense. In this case, however, an instruction on transferred self-defense was inappropriate.
Appellant's own testimony refutes the self-defense theory. Appellant testified that it was only after Johnson and Newbern were shot that he fired his gun. (Tr. Vol. IV, 180.) He stated he did not shoot anyone and did not intend to shoot anyone. (Tr. Vol. IV, 180.) He stated that he fired his gun in order to scare the others and to make them run because "they [the youths] didn't know who they were dealing with [Ronald]." (Tr. Vol. IV, 202.) Also, he testified that he did not see Johnson or Newbern with a gun. (Tr. Vol. IV, 206-207.) This testimony prevents any instruction on self-defense. According to appellant, Ronald had already shot Johnson and Newbern and everyone else was running away. As such, there could not be a bona fide belief of imminent danger on either appellant's or Ronald's part at the time appellant fired his gun. As such, the trial court did not err in refusing to give a jury instruction on self-defense or transferred self-defense and appellant's second assignment of error is not well-taken.
By the third assignment of error, appellant contends that the guilty findings are not supported by sufficient evidence and are against the manifest weight of the evidence because the prosecution failed to prove that appellant aided or abetted Ronald in shooting Johnson and Khadaffi.
The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Jenks, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins
(1997), 78 Ohio St.3d 380, 386.
The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient, competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported (1993 Opinions 5437).
 * * * Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's [Law Dictionary (6 Ed. 1990)], at 1594. [Thompkins, at 387.]
Mere association with the principal is insufficient to constitute the offense of aiding and abetting. State v. Sims (1983),10 Ohio App.3d 56, 58, citing State v. Clifton (1972), 32 Ohio App.2d 284. "To aid is to assist. To abet is to incite or encourage." Sims, at 58. The accused must take some role in causing the commission of the offense. Sims, at 59. In State v. Cartellone (1981),3 Ohio App.3d 145, 150, the court stated:
 Evidence of aiding and abetting another in the commission of crime may be demonstrated by both direct and circumstantial evidence. Thus, "[p]articipation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed." State v. Pruett (1971), 28 Ohio App.2d 29, at 34 * * *.
In this case, there is sufficient evidence that a rational trier of fact could have found appellant aided and abetted Ronald in the felonious assault and murder. Appellant accepted the gun given to him by Ronald, several eyewitnesses saw him fire the gun. Appellant testified that he fired his gun and emptied the cartridges. Although Zachariah Brown testified that Ronald shot Newbern, he also testified that appellant shot Johnson. (Tr. Vol. III, 187, 190.) Appellant then gave his gun back to Ronald. Appellant testified that he, Ronald and his sister later devised a plan to keep himself and Ronald out of jail. Given this evidence, we cannot find that the judgment was not support by sufficient evidence. We also find this evidence constitutes sufficient, competent credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. The judgment is not against the manifest weight of the evidence and appellant's third assignment of error is not well-taken.
For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and KENNEDY, JJ., concur.