{¶ 111} I write separately because I would overrule the first assignment of error on grounds different from those on which Judge Fain relies.
 {¶ 112} In Doyle v. Ohio (1976), 426 U.S. 610, 96 S.Ct. 2240,49 L.Ed.2d 91, the defendant was given Miranda warnings when he was arrested. At trial, he claimed he was framed. In an effort to impeach his credibility, the prosecutor asked Defendant on cross-examination why, if that was true, defendant didn't tell his story to the officer who had arrested him. The Supreme Court construed the question to apply to the defendant's conduct after he was Mirandized. The Court held that because silence in the wake of Miranda warnings may be nothing more than an exercise of the rights involved, it was a violation of a defendant's due process rights to use the defendant's silence at the time of arrest and after Miranda warnings were given in order to impeach him.
 {¶ 113} In Jenkins v. Anderson (1980), 447 U.S. 231,100 S.Ct. 2124, 65 L.Ed.2d 86, a defendant on trial for murder pleaded self-defense. He had been arrested two weeks after the alleged murder. On cross-examination, the prosecutor asked the defendant why he didn't come forward with his story during the interval between the crime and his arrest. The Supreme Court found no Doyle due process violation, reasoning that no governmental action had induced the defendant to remain silent before he was arrested, when Miranda warnings were given.
 {¶ 114} In Fletcher v. Weir (1982), 455 U.S. 603, 102 S.Ct. 1309,71 L.Ed.2d 409, a defendant charged with murder took the stand and claimed self-defense. The prosecutor asked him why he hadn't made that claim when he was arrested. Because the record didn't show whether the defendant was Mirandized immediately upon his arrest, the Supreme Court held that no Doyle due process violation was shown. The appellate court had held that the right of silence attaches at arrest, whether or notMiranda warnings are then given.
 {¶ 115} Here, we do not know from the record when Defendant Hannah was given Miranda warnings, or if those warnings were given at all. Neither do we know when Defendant was arrested. However, as the State points out in its brief (p. 8), Defendant was indicted two months after the alleged crime and was tried seven months after he was indicted. Logic and experience compels a conclusion that at some point in that nine month period, most likely when Defendant was taken into custody, Defendant was Mirandized. The question the prosecutor asked to impeach Defendant pertained to the entire span of time from the shooting until "this second," that is, at trial when Defendant took the stand. It is reasonable to conclude that the question encompassed the Defendant's failure to speak after Miranda warnings were given.
 {¶ 116} I believe that this record reasonably demonstrates that the prosecutor's questions deprived the Defendant of the due process rights explained in Doyle. However, I believe the error was non-prejudicial, and therefore harmless beyond a reasonable doubt, which avoids reversal. Crim.R. 53(A); State v. Hill (2001), 92 Ohio St.3d 191;State v. Williams (1983), 6 Ohio St.3d 281.
 {¶ 117} A plea of self-defense requires a defendant to show that when he acted he had a bona fide belief that he was in imminent danger of death or great bodily harm, and that his only means of escape from the risk involved was in the use of force he employed. State v. Robbins
(1979), 58 Ohio St.2d 74. The burden of proof, by a preponderance of the evidence, is on the Defendant. R.C. 2901.05(A).
 {¶ 118} The record shows that Defendant shot the victim, Coulter, after Coulter had been tackled while he was being restrained by two of the bar's bouncers, while other members of Defendant's group were assaulting him. Further, Defendant fired the shot that struck and killed Coulter while Defendant was standing at a point across the room at an open door, through which he might have instead escaped.
 {¶ 119} These facts so preponderate against the justified use of force that Defendant claims that they render his self-defense claim incredible. Therefore, he could not have been prejudiced by the prosecutor's improper efforts to impeach Defendant's credibility with respect to that self-defense claim. That fact, coupled with the cautionary jury instruction the court gave, cause me to conclude that any error resulting from the prosecutor's questions was harmless beyond a reasonable doubt.
 {¶ 120} I would overrule the first assignment of error on that basis.