DECISION AND JUDGMENT ENTRY
{¶ 1} Dwayne Lytle ("Appellant") appeals the judgment of the Ross County Court of Common Pleas finding him guilty of felonious assault and domestic violence. He contends his trial counsel's failure to raise a theory of self defense to his felonious assault charge and failure to object to proffered expert testimony deprived him of his right to the effective assistance of counsel. Because we do not find either of the Appellant's claims to be meritorious, we overrule his assigned errors and uphold the judgment of the trial court. *Page 2 
 {¶ 2} On May 22, 2006, the Appellant was arraigned in the Ross County Court of Common Pleas on charges of felonious assault and domestic violence, in violation of R.C. 2903.11 and 2919.25, respectively. On July 20, 2006, a jury trial was held in the Ross County Court of Common Pleas, and the jury returned a verdict of guilty on both charges and the Appellant was subsequently sentenced to a prison term of two years on the felonious assault count, and fifteen months on the domestic violence count, to be served consecutively. The Appellant now appeals, asserting the following assignments of error:
 {¶ 3} 1. TRIAL COUNSEL'S FAILURE TO RAISE A THEORY OF SELF DEFENSE TO APPELLANT'S FELONIOUS ASSAULT CHARGE RESULTED IN APPELLANT'S CONVICTION, AND DEPRIVED APPELLANT OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 4} 2. TRIAL COUNSEL'S FAILURE TO OBJECT TO PROFFERED EXPERT TESTIMONY RESULTED IN APPELLANT'S CONVICTION, AND DEPRIVED APPELLANT OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 5} In his first assignment of error, the Appellant argues that his trial counsel's failure to raise a theory of self defense to his felonious assault charge constituted ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, an appellant must meet two requirements. First, an appellant must demonstrate that counsel's performance was *Page 3 
deficient by showing that counsel committed errors so serious that he or she was not, in effect, functioning as counsel. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Second, Appellant must demonstrate that these errors prejudiced his defense. Id. In order to prove that counsel's deficient performance prejudiced Appellant's defense, Appellant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, 143,538 N.E.2d 373. Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, supra, at 689. Further, debatable trial tactics do not constitute ineffective assistance of counsel. SeeState v. McNeill (1998), 83 Ohio St.3d 438, 449, 700 N.E.2d 596.
 {¶ 6} A review of the transcript shows the Appellant's counsel below adopted a strategy that did not include the testimony of the Appellant. Rather, the strategy relied on the ability of the State ("Appellee") to prove all of the elements of felonious assault beyond a reasonable doubt without the Appellant's testimony. We must accord deference to defense counsel's strategic choices during trial, and cannot examine the same through hindsight. Strickland, supra, at 689. *Page 4 
 {¶ 7} Even assuming arguendo that we found it was error for counsel below to adopt such a strategy, there is not a reasonable probability that but for counsel's error, the outcome of the trial would have been different. The Appellant contends his counsel below should have employed self defense as an affirmative defense for the felonious assault charge. To successfully establish the affirmative defense of self defense, a party must show: (1) he was not at fault in creating the situation giving rise to the affray; (2) he had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) he did not violate any duty to retreat or avoid the danger. State v. Robbins
(1979), 58 Ohio St.2d 74, 80, 388 N.E.2d 755.
 {¶ 8} The first prong of the affirmative defense of self defense, as noted supra, requires a defendant to show that he or she was not at fault in creating the situation giving rise to the affray. The testimony introduced at trial indicates that the Appellant's actions led to the altercation that resulted in the felonious assault charge. Anthony O'Neal, the victim of the alleged felonious assault, testified that on the evening of April 28, 2006, he witnessed the Appellant strike Tamara Claytor, the mother of the Appellant's child, in the face with a closed fist. Mr. O'Neal testified the Appellant followed him and Ms. Claytor back to his residence, where Ms. *Page 5 
Claytor went after the Appellant struck her. The Appellant tried to enter Mr. O'Neal's residence, at which time Mr. O'Neal advised the Appellant he was not welcome there and that he would have to leave. The testimony revealed the Appellant traveled onto the lawn portion of his property at that time, but would not leave the property. When Mr. O'Neal again told the Appellant to leave his property, the Appellant stated that he would "beat [Mr. O'Neal's] [expletive] like I beat hers [Ms. Claytor's] * * *[.]" At that point, the physical portion of the altercation ensued. Mr. O'Neal also testified as follows:
 O'Neal: "He was going to hit me so I hit him.
 Prosecutor: What made you believe that he was going to hit you?
 O'Neal: Because he was coming at me like he was about to hit me.
 Prosecutor: Could you describe his actions?
 O'Neal: Like he had his hand squared up and he was about to throw a punch.
 Prosecutor: He had his hand — oh, okay. Did he make any motions at you?
 O'Neal: Yeah.
 Prosecutor: Okay. And your response was —
 O'Neal: I hit him." *Page 6 
 {¶ 9} From this testimony, it is likely that the Appellant's actions led to the altercation occurring between the parties. As such, the Appellant would meet neither the first prong of the test for establishing self defense as an affirmative defense, nor the second prong of the ineffective assistance test under Strickland. We therefore overrule the Appellant's first assignment of error.
 {¶ 10} In his second assignment of error, the Appellant argues that his trial counsel's failure to object to proffered expert testimony regarding the seriousness of Mr. O'Neal's injuries also amounted to the ineffective assistance of counsel. Assuming, again, arguendo, that the Appellant's trial counsel's decision not to object to Dr. Cotton's testimony that Mr. O'Neal had sustained a serious injury as a result of his altercation with the Appellant was error, there is not a reasonable probability that the outcome of the trial would have been different but for counsel's errors.
 {¶ 11} Barring Dr. Cotton's testimony on the seriousness of Mr. O'Neal's injuries, the Appellee introduced a substantial body of testimony going directly to the gravity of Mr. O'Neal's condition in the wake of the altercation. As to his injuries, Mr. O'Neal testified as follows:
 Mr. O'Neal: " He [the Appellant] bit my nose off.
 Prosecutor: While you were trolling around on the ground, he — *Page 7 
 Mr. O'Neal: Locked on my nose and bit me for about 30 seconds until it came off and he spit it out and got up and walked away.
 Prosecutor: Okay. This might seem like a stupid question, but did it hurt?
 Mr. O'Neal: Yeah.
 Prosecutor: Okay. How much did it hurt?
 Mr. O'Neal: On a scale of one to ten, about a 15.
 Prosecutor: About a 15?
 Mr. O'Neal: Yeah."
 {¶ 12} In addition to testifying to the pain he experienced as a result of the altercation with the Appellant, Mr. O'Neal also testified that he was rushed to Adena Hospital in the wake of the attack. Once it was determined that the staff at Adena would not be able to reattach the portion of his nose that the Appellant had bitten off, he was transferred to The Ohio State University Medical Center to have the portion reattached. Based on Mr. O'Neal's testimony, the jury could likely determine that Appellant had caused "serious physical harm" to Mr. O'Neal for purposes of R.C. 2903.11. Additionally, the jury had the benefit of viewing Mr. O'Neal's physical condition during his testimony, as well as reviewing Exhibit A, which contained photographs of Mr. O'Neal's nose following the altercation with the Appellant. Based on the introduction of Mr. O'Neal's testimony *Page 8 
regarding his condition in the wake of the altercation, the jury's plain view of his condition, and the jury's inspection of the photographs in Exhibit A, there is not a reasonable probability that the jury would have found Mr. O'Neal's injuries insufficient to convict the Appellant of felonious assault under R.C. 2903.11(A)(1). Thus, the Appellant does not meet the second prong of the Strickland test for ineffective assistance of counsel, and his second assignment of error is accordingly overruled.
 {¶ 13} In our view, the Appellant has failed to meet the demands of the Strickland analysis for ineffective assistance of counsel both of his asserted claims. As a result, we find both assignments of error to be without merit, and therefore affirm the judgment of the trial court.
JUDGMENT AFFIRMED.