ANITA LASTER MAYS, J., DISSENTING:
 

 {¶ 29} I respectfully dissent from the majority's opinion affirming the trial court's decision to convict Amey of voluntary manslaughter. I would find that this case is an exceptional case in which the evidence weighs heavily against the conviction.
 

 {¶ 30} Amey argues that the trial court's decision to convict him of voluntary manslaughter was against the manifest weight of the evidence, and the trial court's rejection of his claim for self-defense was in error. I agree.
 

 {¶ 31} I would find that the state's argument that Amey shot Davis in retaliation for having fought Davis earlier and in an effort to keep Davis from being involved with Gresham was misplaced. I would find that the record reveals that Amey's actions were in self-defense.
 

 Self-defense is an affirmative defense, and thus, the accused has the burden to prove it by a preponderance of the evidence.
 
 State v. Smith
 
 , 10th Dist. Franklin No. 04AP-189,
 
 2004-Ohio-6608
 
 [
 
 2004 WL 2830784
 
 ], ¶ 16. To establish self-defense through the use of deadly force, defendants must prove (1) they were not at fault in creating the situation giving rise to the affray, (2) they had a bona fide belief that they were in imminent danger of death or great bodily harm and their only means of escape from such danger was the use of such force, and (3) they must not have violated any duty to retreat or avoid the danger.
 
 State v. Robbins
 
 ,
 
 58 Ohio St.2d 74
 
 ,
 
 388 N.E.2d 755
 
 (1979), paragraph two of the syllabus.
 

 State v. Walker
 
 , 8th Dist. Cuyahoga No. 97648,
 
 2012-Ohio-4274
 
 ,
 
 2012 WL 4243709
 
 , ¶ 56.
 

 {¶ 32} While rendering the verdict, the trial court stated,
 

 [m]oreover, the actions of La'Dale Davis that evening, starting with the confrontation that led to the earlier fight, but more importantly, the renewed and unexpected confrontation in the hallway and Davis'[s] aggressive behavior towards both the defendant and Janice Gresham is sufficient evidence to establish beyond a reasonable doubt that the defendant acted as the result of - as a direct result of sudden passion brought
 on by serious provocation by the victim that was reasonably sufficient to cause him to shoot.
 

 (Tr. 412.)
 

 {¶ 33} Reviewing the record, witnesses testified that Davis was known to be violent. Davis's own sister testified that Davis was talking crazy and that she felt compelled to leave her grandmother's home to search for him. Shatwoyne Range, Gresham's neighbor and Davis's friend, testified that she could not calm Davis down after the initial fight and that his anger elevated while speaking with Gresham on the phone. Gresham testified that when she returned home, Davis was waiting for her at her apartment. Gresham went on to state that she and Davis argued and that her mother barricaded the door to keep Davis from entering. Once her mother allowed Gresham and Davis to enter, Davis began arguing with the mother. All the while Amey remained outside of the apartment calm, telling Gresham to give Davis his things. When Davis and Gresham exited the apartment, Davis punched Gresham in the side of the head, causing her to fall on the stairs. Amey did not get involved. Gresham ran back in to her apartment, screaming, leaving Amey and Davis outside. Gresham testified that shortly thereafter, she heard two gunshots. Gresham and her mother exited the apartment and saw Davis lying on the ground, and Amey was gone.
 

 {¶ 34} In order to find Amey guilty of voluntary murder, the trial court must
 

 be able to reasonably find that Davis had seriously provoked Amey and that the serious provocation was reasonably sufficient to have incited him to use deadly force.
 
 See
 

 State v. Franklin
 
 ,
 
 97 Ohio St.3d 1
 
 ,
 
 2002-Ohio-5304
 
 ,
 
 776 N.E.2d 26
 
 , ¶ 75.
 

 {¶ 35} My analysis reveals that the trial court expressed that Amey was not at fault in creating the situation giving rise to the affray by stating, "the actions of La'Dale Davis that evening, starting with the confrontation that led to the earlier fight, but more importantly, the renewed and unexpected confrontation in the hallway and Davis's aggressive behavior towards both the defendant and Janice Gresham" is what caused the situation. (Tr. 412.)
 

 {¶ 36} Second, the trial court believed that Amey had a bona fide belief that he was in imminent danger of death or great bodily harm, and that his only means of escape from such danger was the use of such force. The trial court stated that Amey's actions were "as a direct result of sudden passion brought on by serious provocation by the victim that was reasonably sufficient to cause him to shoot." (Tr. 412.) Given the fact that Davis brutally beat Amey just hours before; it took two officers to get Davis off of Amey; and that the use of pepper spray on Davis did not deter Davis from beating Amey, I find that these facts support self-defense and not sudden passion.
 

 {¶ 37} Finally, the police officer who interviewed Amey testified that Amey stated that Davis came after him and grabbed him. As they struggled, Amey felt as if the only way to get away from Davis was to shoot him. Given the nature of the brutal beating earlier, it is reasonable to believe that Amey would feel as if his life were in jeopardy.
 

 {¶ 38} Accordingly, I would find that the trial court's rejection of the defense's claim of self-defense was error when the evidence supported such a claim. While Amey did not testify at his trial, that does not bar him from asserting a self-defense claim.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 State v. Hawthorne
 
 , 8th Dist. Cuyahoga,
 
 2018-Ohio-1180
 
 ,
 
 101 N.E.3d 701
 
 , ¶ 15, citing
 
 State v. Eichelbrenner
 
 , 1st Dist. Hamilton No. C-110431,
 
 2013-Ohio-1194
 
 ,
 
 2013 WL 1282229
 
 , ¶ 24. ("A defendant who does not testify is not precluded from requesting an instruction on self-defense if the evidence otherwise supports the defense.").
 

 {¶ 39} "[S]elf-defense requires that the defendant show evidence of fear, while voluntary manslaughter requires that the defendant show evidence of sudden passion or fit of rage. It must be one or the other."
 
 State v. Loyed
 
 , 8th Dist. Cuyahoga No. 83075,
 
 2004-Ohio-3961
 
 ,
 
 2004 WL 1688548
 
 , ¶ 14. I would find that the evidence supports Amey's claim of self-defense, and that trial court indirectly acknowledged his claim where the record clearly shows that Amey did not instigate any confrontation with Davis. Amey did not return to the apartment complex in search of Davis. The majority focuses on the fact that Amey had a weapon on his person when he returned. However, the record supports the fact that Davis was volatile, violent, and attacked both Amey and Gresham. It further supports the fact that Amey did not threaten Davis and remained calm while Davis engaged in verbal and physical confrontations with Gresham.
 

 {¶ 40} I reject the state's argument that Amey was provoked by sudden passion or sudden fit of rage. I find that, although there is sufficient evidence to convict Amey of voluntary manslaughter, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed under manifest weight.