OPINION
Defendant-appellant Jared J. Scott appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of involuntary manslaughter, in violation of R.C. 2903.04, with a firearm specification, R.C. 2941.145.
 STATEMENT OF THE FACTS AND CASE
On October 21, 1998, Jared J. Scott [hereinafter appellant] and a co-defendant, Demetrius L. Jennings, were indicted on one count of aggravated murder in violation of R.C. 2903.01, with a firearm specification. On October 23, 1998, appellant pled not guilty. A joint trial began on April 26, 1999. The following facts were elicited at trial: Shortly before 1:00 P.M., appellant was sitting in his car waiting for his girlfriend and baby to come out of the house to join him. As he sat in the car, another car pulled up behind him. A male that he had seen before but could not identify, got into appellant's car. Another man got out of the car that was behind appellant. That man came to the passenger side of appellant's car and said "remember me bitch" as he pulled a gun. Appellant ran to his house to get away from the men, as appellant was being fired at. Appellant later identified the man shooting at him as Lapierre Toles. Appellant reported this incident to the police. Appellant told the officers that Toles was responsible for the shooting and indicated that he did not know who the other individual was. As police officers finished their report, appellant, his girlfriend, a baby and the co-defendant, Demetrius Jennings, left the residence in appellant's vehicle. Appellant testified that he took his girlfriend and her baby to the baby's grandmother's house on May Place, N.E., Canton. After dropping off his girlfriend and their baby, appellant and co-defendant left the house on May Place, N.E. Meanwhile, Allen Anderson and several other individuals were walking in the vicinity of Gibbs and 7th Street, N.E. Appellant's vehicle approached the four way stop sign at the Gibbs and 7th Street intersection and came to a complete stop. Conflicting testimony was presented as to what happened next. The State presented evidence that appellant and the co-defendant got out of their vehicle. Witnesses testified that appellant had a gun behind his back and appellant said something to Anderson. Anderson said something back and appellant and the co-defendant began firing shots in the direction of Anderson. Anderson and the individuals who had been standing with Anderson, began to flee. As Anderson was running down an alley, he was struck in the back by a bullet. William Caddell testified that he saw appellant get out of the car with a gun behind his back. After comments were exchanged, he saw the driver, appellant, start shooting and a man in the crowd stood there shooting while everyone else in the crowd ran. This witness testified that the car in which appellant was riding could not go anywhere but past the group of people standing on the street, of which Anderson was a party. However, one witness testified that Anderson drew his gun first. Then, when appellant and the co-defendant saw Anderson with his gun drawn, they got out of the car with their guns drawn. This witness testified that he started running and did not know who fired first. Another witness, Raymond Powell, testified that he saw a man in the crowd produce a gun and start shooting. He then saw the men in the car get out of the car with guns in their hands. He testified that the shots stopped when Anderson ran down an alley. Several bullet casings were recovered from the scene. They were found in the vicinity of where appellant had been standing. The bullet casings were examined by a firearms expert and found to be consistent with bullet casings found in appellant's bedroom. Conversely, no shell casings or bullet fragments were found in the alley or area in which Anderson had been standing. The bullet that struck Anderson was recovered and found not to be consistent with the shell casings found at the scene. The bullet that struck Anderson was fired from a revolver while the remaining shell casings found had been fired from a semi-automatic weapon. Appellant testified on his behalf. Appellant identified Anderson as the man that came to his car earlier that day. Anderson also testified that when he approached the stop sign at 7th Street and Gibbs, he saw a man pointing a gun in his car. He then slammed the car into park and jumped out of the car. As he did this, he was fired upon. Appellant testified that he fell back four steps, remembering that he had a gun and returned fire. After the shooting, appellant and the co-defendant got back in the car and left the scene. Upon the conclusion of the presentation of evidence, the trial court instructed the jury on the affirmative defense of self-defense and possible lesser included offenses. The jury found appellant guilty of the lesser included offense of involuntary manslaughter, with a gun specification. The trial court sentenced appellant to ten years in prison on the manslaughter conviction and three years of incarceration on the gun specification. The sentences were ordered to be served consecutive to each other. The trial court's Judgment Entry finding appellant guilty by jury trial and imposing sentence was filed on May 11, 1999. It is from this conviction and sentence that appellant prosecutes this appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE APPELLANT WAS DENIED DUE PROCESS OF LAW GUARANTEED HIM BY THE FIFTH AND FOURTEENTH AMENDMENTS DUE TO THE FACT THAT HIS CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR II THE APPELLANT WAS DENIED A FAIR TRIAL, DUE PROCESS OF LAW, AND THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED HIM BY BOTH THE UNITED STATES AND OHIO CONSTITUTIONS, WHEN TRIAL COUNSEL DID NOT REQUEST THAT THE JURY BE CHARGED ON THE ISSUE OF APPELLANT BEING LEGALLY ARMED AT THE TIME OF THE SHOOTING.
 I
In appellant's first assignment of error, appellant contends that he was denied due process of law because his conviction was against the manifest weight of the evidence in that the affirmative defense of self-defense had been established as a matter of law. We disagree. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction. State v. Thompkins (1997) 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (citing State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717). "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. In order to convict appellant of involuntary manslaughter, the State was required to prove, beyond a reasonable doubt that appellant caused the death of another as a proximate result of the offender's committing or attempting to commit a felony. R.C. 2903.04 (A), Involuntary Manslaughter. Further, the State had to prove that appellant had a firearm on or about the offender's person or under the appellant's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense. R.C. 2941.145, Specification Concerning Use of Firearm to Facilitate Offense. Appellant contends that he proved, as a matter of law, that he was acting in self-defense. However, we find that this is a question of fact and that to prove the affirmative defense of self-defense, appellant was required to prove, by a preponderance of the evidence that he was not at fault in causing the affray, that he had a bona fide belief that he was in imminent danger of great bodily harm or death, and that he did not violate a duty to retreat. State v. Robbins (1979), 58 Ohio St.2d 74, 388 N.E.2d 755, paragraph two of syllabus. There is no question that appellant and his co-defendant shot at Anderson. Evidence showed that Anderson was struck and killed by a bullet fired by the co-defendant. Appellant appears to concede that the State proved that appellant caused or aided or abetted his co-defendant in shooting firearms at Anderson, and as a proximate cause, caused the death of Anderson. The only issue raised by appellant is whether the elements of self-defense were established by a preponderance of the evidence that he acted in self-defense. To establish self-defense, a defendant bears the burden of proving by a preponderance of the evidence that: . . .(1) the defendant was not at fault in creating the violent situation, (2) the defendant had a bona fide belief that [he] was in imminent danger of death or great bodily harm and that his only means of escape was the use of force, and (3) that the defendant did not violate any duty to retreat or avoid the danger. . . ."
State v. Thomas (1997), 77 Ohio St.3d 323, 326, 673 N.E.2d 1339. There are conflicting versions of the altercation between appellant and Anderson. The State presented testimony that appellant and the co-defendant instigated the incident when they got out of their car, appellant having a gun behind his back, and, exchanged words with Anderson and began firing at Anderson. Other testimony reflected that Anderson drew his gun first and pointed it at appellant's car. In response, appellant and the co-defendant got out of the car and, after being shot at, returned fire. There was testimony that the only means by which appellant could flee was to drive past Anderson. It is undisputed that Anderson was shot in the back. Testimony showed that Anderson was running away, down an alley when the bullet struck him in the back. The jury, in this case, had to decide which witnesses were more credible. The jury apparently chose to believe the testimony that showed defendant created the situation by drawing a weapon and firing at Anderson and did not believe the evidence that Anderson created the situation and appellant did not have the means to retreat. The credibility of witnesses is a question for the trier of fact, who is better situated to observe the witnesses' demeanor, gestures, and voice inflections. See State v. Hill (1996) 75 Ohio St.3d 195,661 N.E.2d 1068; Myers v. Garson (1993), 66 Ohio St.3d 610,614 N.E.2d 742. After a thorough review of the record, we are not convinced that the jury's decision to disbelieve appellant's contention of self-defense was a manifest miscarriage of justice. We find the jury's verdict is supported by the manifest weight of the evidence. Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, appellant contends that he was denied a fair trial, due process of law, and the effective assistance of counsel when his trial counsel did not request that the jury be charged with an instruction on the issue as to whether appellant was lawfully armed at the time of the shooting. The standard of review for a claim of ineffective counsel was established in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 and adopted by Ohio in State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases set forth a two-pronged analysis. The first prong of the analysis requires a showing that counsel's assistance was ineffective in that it fell below an objective standard of reasonable representation and violated essential duties to the client. The second prong requires a showing of actual prejudice by counsel's ineffectiveness such that but for the counsel's unprofessional error the outcome of the trial would have been different. A court may dispose of a case by considering the second prong first, if that would facilitate disposal of the case. Bradley, 42 Ohio St.3d at 143 (citing Strickland, 466 U.S. at 697.) Since trial counsel failed to object to the jury instructions as given, all error is waived but plain error. State v. Bey (1999), 85 Ohio St.3d 487, 497,709 N.E.2d 484. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus, State v. D'Ambrosio (1993), 67 Ohio St.3d 185,437. Appellant argues that his counsel was ineffective for failing to request a jury instruction on whether appellant was lawfully armed, in accordance with R.C. 2923.12(C)(2). R.C. 2923.12(C)(2) states: (A) No person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance.
. . . (C) It is an affirmative defense to a charge under this section of carrying or having control of a weapon other than dangerous ordnance, that the actor was not otherwise prohibited by law from having the weapon, and that any of the following apply: . . . (2) The weapon was carried or kept ready at hand by the actor for defensive purposes, while the actor was engaged in a lawful activity and had reasonable cause to fear a criminal attack upon the actor or a member of the actor's family, or upon the actor's home, such as would justify a prudent person in going armed.
The language of R.C. 2923.12(C)(2) restricts this affirmative defense to the charge of carrying a concealed weapon. We find no analogous language concerning the charge of aggravated murder or the lesser included offense of involuntary manslaughter, the charge under which appellant was indicted and the charge of which appellant was convicted, respectively. Appellant cites this court to no case, nor has this court found a case, in which an instruction on the affirmative defense regarding carrying a concealed weapon was given to the jury when the defendant had not been charged with carrying a concealed weapon. The issue in the case sub judice was not why a gun was being carried, but rather why a gun was used, and the jury did not accept that the gun was used in self-defense. Therefore, we find that appellant was not denied a fair trial and due process of law when the jury was not instructed on the issue of appellant being legally armed at the time of the shooting. We further find that, under the objective standard of Strickland, counsel was not ineffective for failing to request a jury instruction that was not applicable to the charges before the trial court. Appellant's second assignment of error is overruled.
 __________________ EDWARDS, J.
Edwards, J. Hoffman, P.J. and Milligan, V.J. concurs.