OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Charles E. McElroy, Jr., appeals his conviction by the Trumbull County Municipal Court, Central Division, for one count of aggravated menacing and one count of criminal damaging. For the following reasons, we affirm appellant's convictions.
 {¶ 2} The record discloses the following facts. On December 31, 2001, Richard Barnett ("Mr. Barnett") filed two separate criminal complaints in the Trumbull County Municipal Court, Central Division. Both complaints named appellant as the defendant. One complaint charged appellant with aggravated menacing, in violation of R.C. 2903.21. The other complaint charged appellant with criminal damaging, in violation of R.C. 2909.06.
 {¶ 3} On June 26, 2002, the trial court held a bench trial regarding both criminal complaints. During trial, the prosecution's sole witness was Mr. Barnett. Defense counsel's sole witness was appellant.
 {¶ 4} During direct-examination, Mr. Barnett testified that on the night of December 24, 2001, he was driving home in his Chevrolet Cavalier on Morrell Ray Road, in Trumbull County, Ohio. As Mr. Barnett neared his home, a car without headlights approached him from behind and passed his Cavalier on the driver's side. The car proceeded to cut off Mr. Barnett and stopped directly in front of him, forcing him to stop his vehicle.
 {¶ 5} Mr. Barnett explained that two people got out of the car and approached his Cavalier. Before anything was said, Mr. Barnett saw a "shiny flash" and his front windshield was struck twice by a baseball bat, splintering the glass. The bat then smashed out the Cavalier's driver's side window. At this point, Mr. Barnett stated that he recognized the assailant with the bat to be appellant.
 {¶ 6} Mr. Barnett then testified that appellant grabbed him by his hair and attempted to pull him out of the Cavalier through the driver's side window. Unable to pull Mr. Barnett out of the car, appellant tried to open the driver's side door. At this time, appellant instructed his unidentified accomplice to try to gain access via the passenger's side door. All four doors of the Cavalier were locked, however, and both appellant and his accomplice were unsuccessful in opening them. Mr. Barnett further stated that appellant then leaned half of his body into the car and tried to hit him with the bat. During the fray, Mr. Barnett received blows to the back of his head and above his right eye. Ultimately, appellant and his accomplice fled when another car approached the scene.
 {¶ 7} On cross-examination, defense counsel attempted to reveal inconsistencies between Mr. Barnett's testimony at trial and previous statements he had made to the police following the encounter. First, defense counsel noted that during direct-examination Mr. Barnett had stated he was heading home when appellant cut him off. Yet, in a pre-trial written statement to the police, dated December 31, 2001, Mr. Barnett wrote that he was leaving his home when the skirmish with appellant occurred.
 {¶ 8} Defense counsel also explained that absent from Mr. Barnett's pre-trial written statement was any mention of the unidentified accomplice that was discussed during direct-examination. Finally, it was brought to the court's attention that Mr. Barnett's direct-examination testimony had failed to mention he was wearing glasses at the time of the incident. Mr. Barnett previously stated in his pre-trial written statement that appellant had ripped Mr. Barnett's eyeglasses off during their encounter.
 {¶ 9} During appellant's direct-examination, a recording from his answering machine was entered as defendant's exhibit C. The recording was an antagonizing message left by Mr. Barnett, prior to their encounter, telling appellant to "come on over." Appellant then testified that it was Mr. Barnett who had been in possession of the baseball bat, and any damage caused by the bat occurred when he tried to wrestle it away from Mr. Barnett.
 {¶ 10} Following the hearing, the trial court entered two judgment entries on July 1, 2002. In its judgment entries, the trial court found appellant guilty of aggravated menacing, in violation of R.C. 2903.21, and criminal damaging, in violation of R.C. 2903.06.
 {¶ 11} From these judgments, appellant filed a timely notice of appeal setting forth the following assignment of error for our consideration:
 {¶ 12} "The conviction of Defendant/Appellant was against the manifest weight of the evidence."
 {¶ 13} Appellant states the issue presented for review as, whether convictions for criminal damaging and aggravated menacing, when based on conflicting and inconsistent testimony of the complaining witness, are against the manifest weight of the evidence. Specifically, appellant points to Mr. Barnett's inconsistent testimony regarding: (1) whether Mr. Barnett was leaving or returning home at the time of the encounter with appellant; (2) the presence of a second assailant; and (3) the absence of any testimony regarding Mr. Barnett's eye glasses.
 {¶ 14} When reviewing a claim that a judgment was against the manifest weight of the evidence, we must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983),20 Ohio App.3d 172, 175. See, also, State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52.
 {¶ 15} A manifest weight of the evidence inquiry "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998),84 Ohio St.3d 180, 193. "When `the trial court's judgment [is] supported by some competent, credible evidence going to all the essential elements,' we will not reverse its judgment." State v. Stuble (Aug. 10, 2001), 11th Dist. No. 2000-L-082, 2001 Ohio App. LEXIS 3530, at 9, quoting Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 82.
 {¶ 16} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. An appellate court is to engage in a limited weighing of the evidence introduced at trial in order to resolve whether the state appropriately carried its burden of persuasion. Thompkins at 390 (Cook, J. concurring). Accordingly, the reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph two of the syllabus.
 {¶ 17} In the case sub judice, appellant fails to point to any evidence establishing that the trial court's decision was a manifest miscarriage of justice. During trial, appellant adequately cross-examined Mr. Barnett regarding each inconsistency between his trial testimony and his pre-trial written statements to the police. The purpose of such cross-examination was to place the credibility of Mr. Barnett's direct-examination testimony before the trial court.
 {¶ 18} Questions regarding the credibility of witnesses are matters that are generally best left to the trier of fact. DeHass at paragraph two of the syllabus. Here, the trial court was in the best position to observe the demeanor of Mr. Barnett during cross-examination. After observing Mr. Barnett's testimony on direct and cross-examination, the trial court determined that his statements were credible. As the reviewing court, we must defer to the trial court's finding that a witness is credible. Id.
 {¶ 19} We also are inclined to note that evidence admitted as exhibits at trial, such as photographs of the damage to Mr. Barnett's car, corroborates Mr. Barnett's testimony. As stated previously, appellant argued at trial that it was Mr. Barnett who was in possession of the bat, and any resulting property damage or injuries resulted from a struggle that ensued when appellant tried to wrestle the bat away from Mr. Barnett. The photographs of Mr. Barnett's car, however, displayed damages more consistent with a bat impact from outside of the car. Such evidence tends to bolster Mr. Barnett's credibility and discredit appellant's testimony.
 {¶ 20} Furthermore, the inconsistencies which appellant sets forth do not go to the essential elements of aggravated menacing or criminal damaging. In pertinent part, Ohio's aggravated menacing statute, R.C.2903.21, states:
 {¶ 21} "(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person * * *."
 {¶ 22} The inconsistencies which appellant cites for his manifest weight argument are irrelevant to our determination of whether appellant knowingly caused Mr. Barnett to believe that he was in danger of serious physical harm. Evidence relating to the direction Mr. Barnett was traveling, the presence of a second assailant, and the presence of Mr. Barnett's eyeglasses fails to prove or disprove any of the essential elements of aggravated menacing. There was, however, competent and credible evidence demonstrating that appellant's actions satisfied the essential elements of aggravated menacing.
 {¶ 23} The pertinent essential elements of criminal damaging, under R.C. 2909.06, are:
 {¶ 24} "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
 {¶ 25} "(1) Knowingly, by any means[.]
 {¶ 26} Again the inconsistencies which appellant points to are immaterial in determining whether appellant knowingly created a substantial risk of physical harm to Mr. Barnett's property. Competent and credible evidence at trial demonstrated that appellant's actions on the night in question were done knowingly and ultimately caused the destruction of Mr. Barnett's windshield and driver's side window.
 {¶ 27} After careful review of the record before us, it is clear that the trial court's judgment is supported by sufficient competent and credible evidence going to all essential elements of both aggravated menacing and criminal damaging. As a result, appellant has failed to demonstrate that the trial court's conviction of appellant was against the manifest weight of the evidence. This portion of appellant's argument is not well taken.
 {¶ 28} Finally, appellant apparently argues that evidence of Mr. Barnett's threatening phone message along with appellant's testimony at trial confirms that appellant was acting in self-defense when Mr. Barnett's Cavalier was damaged. As such, appellant concludes that the trial court's judgment was against the manifest weight of the evidence.
 {¶ 29} Self-defense may be asserted if a defendant has reasonable grounds and an honest belief that he was in immediate danger of bodily harm. Estill v. Waltz, 10th Dist. No. 02AP-83, 2002-Ohio-5004, at ¶ 23, citing State v. Williford (1990), 49 Ohio St.3d 247. To establish self-defense, appellant had to allege facts demonstrating the following elements: (1) that he was not at fault in creating the situation giving rise to the affray; (2) that he had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that he did not violate any duty to retreat or avoid the danger. State v. Robbins
(1979), 58 Ohio St.2d 74, paragraph two of the syllabus.
 {¶ 30} Appellant's account of what happened on the night of the altercation fails to establish the elements of self-defense. During his direct-examination testimony, appellant testified that he broke out Mr. Barnett's car window with his fist after Mr. Barnett had swung the bat at appellant from within the parked Cavalier. Appellant also stated that after he grabbed the bat from Mr. Barnett and threw it aside, he leaned back into the car and repeatedly attempted to punch Mr. Barnett.
 {¶ 31} Appellant's own testimony demonstrates that he initiated contact with Mr. Barnett and became the aggressor once he allegedly removed the bat from Mr. Barnett's possession. Even if the court had believed appellant's account of the incident, clearly his testimony demonstrated that he was at least partially at fault for creating the situation giving rise to the affray and violated his duty to retreat or avoid danger. For this additional reason, appellant's claim of self-defense fails.
 {¶ 32} Moreover, such evidence and testimony was properly presented during the hearing. After reviewing the comments made on the answering machine and appellant's testimony, the trial court determined that appellant's account of what happened was not credible. Since the trial court was in a better position to observe appellant's demeanor during direct and cross-examination, we will defer to its finding that appellant's testimony was not credible. For this additional reason, this portion of appellant's assignment of error is not well taken.
 {¶ 33} Based upon the foregoing analysis the trial court's judgments were not against the manifest weight of the evidence. Appellant's assignment of error is without merit. The judgments of the trial court are affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and Diane V. Grendell, J., concur.