[Cite as *State v. Slocum*, 2013-Ohio-2440.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | |
| | Case No. 2012CA00223 |
| JANEAN R. SLOCUM | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Alliance Municipal Court,
                                Case No. 2012CRB1409

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         June10, 2013

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

ANDREW L. ZUMBAR                JOHN T. JAKMIDES
Alliance City Law Director      325 East Main Street
470 East Market St.             Alliance, Ohio 44601
Alliance, Ohio 44601

*Hoffman, P.J.*

{¶1} Defendant-appellant Janean R. Slocum appeals her conviction entered by the Alliance Municipal Court. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 16, 2012, Appellant resided at 623 East High Street, Alliance, Ohio. The residence was the "family house" of Appellant's boyfriend and Mark Edwards. At approximately 3:30 a.m., Edwards received a telephone call from his daughters, who resided at the location, asking him to come to the house as a dispute had arisen between them and Appellant.

{¶3} Upon arriving at the scene, Edwards attempted to remove Appellant from the residence. Police Officers at the scene informed Edwards it would be best if Appellant was not removed at the time, and she should be afforded time to find an alternate location. Edwards agreed and went home.

{¶4} An hour later, Edwards received another call from his daughters. He and his son returned to the East High residence. During an altercation, Appellant charged Edwards scratching him in the face. The police were called to the residence. Appellant claimed to have been thrown to the ground and choked. Responding police officers observed the scratch marks on Edwards' face, but observed no visible injuries on Appellant. Appellant continued to allege Edwards pushed and strangled her during the altercation.

{¶5} Appellant was placed under arrest at the scene. She asked to be taken to the hospital to have her injuries evaluated. Patrolman Bartolet did not believe, according to his training and experience, Appellant was a victim of strangulation, and

did not observe any physical injury on Appellant's person. Lieutenant Kevin Moore told Appellant if her medical examination at the hospital resulted in no finding of injury, she would be charged with obstructing official business. As a result of the incident, Appellant was charged with one count of assault, one count of obstructing official business and one count of menacing.

{¶6} A jury trial was held on November 1, 2012. Appellant filed a Rule 29 motion for acquittal following the State's presentation of the evidence, and the trial court dismissed the menacing charge. The jury convicted Appellant of the assault and obstructing official business charges.

{¶7} Appellant assigns as error;

{¶8} "I. MS. SLOCUM'S CONVICTION FOR ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS HER SELF-DEFENSE CLAIM SHOULD HAVE BEEN UPHELD.

{¶9} "II. MS. SLOCUM'S CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS SHE WAS PRIVILEGED TO REQUEST MEDICAL ATTENTION FOLLOWING THE ALTERCATION WITH MR. EDWARDS."

I.

{¶10} In the first assignment of error, Appellant maintains her conviction for assault is against the manifest weight of the evidence as her claim of self-defense should have been upheld.

{¶11} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of

witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶12} In *State v. Petrone,* 5th Dist. 2011CA00067, 2012-Ohio-911, this Court held,

{¶13} "To prevail on a common law self defense claim, the offender must demonstrate that he was not at fault in creating the situation giving rise to the affray; he had a *bona fide* belief that he was in imminent danger of death or great bodily harm and that the only means of escape from such danger was in the use of such force; and he must not have violated any duty to retreat or avoid the danger. *State v. Robbins* (1979), 58 Ohio St.2d 74, at 80."

{¶14} Upon review of the record, the testimony and evidence introduced at trial indicates Appellant was allowed to remain at the residence until she found an alternative place to reside, she continued in the altercation with the residents of the house, and when Mr. Edwards returned with his son, she charged him causing scratches to his face. We find the jury could have found Appellant failed to demonstrate she was not at fault in creating the situation, or she had a bona fide belief she was in imminent danger of death or great bodily harm and the only means of escape was force. Further, Appellant had a duty to retreat to avoid any alleged danger.

{¶15} Accordingly, we find Appellant's conviction for assault was not against the manifest weight of the evidence.

{¶16} The first assignment of error is overruled.

II.

{¶17} In the second assignment of error, Appellant maintains her conviction for obstructing official business was against the manifest weight of the evidence as she was privileged to request medical attention following her altercation with Edwards.

{¶18} The State concedes *if a person is injured* under police care, the police are obligated as a matter of law to seek medical attention on their behalf (Emphasis added). However, the State maintains the responding officers did not in their experience and training believe Appellant was injured or needed medical attention.

{¶19} Appellant was charged with obstructing official business in violation of R.C. 2921.31, which reads:

{¶20} "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶21} Appellant was advised by the responding officers, if the treating doctors at the hospital reported she had no injuries, she would be charged with obstructing official business.

{¶22} Patrolman Bartolet testified at trial,

{¶23} "Q. Now, you've heard her say he tried to choke her out to the point that she couldn't breathe at all?

**{¶24}** "A. That's what she stated.

**{¶25}** "Q. Did you take any steps to attempt to verify her statement?

**{¶26}** "A. I did.

**{¶27}** "Q. What steps did you personally take?

**{¶28}** "A. I actually looked for injury to the neck as I stated. And also for petechiae in the white of her eyes to see if there was any blood vessels that may have been popped which would indicate that she had been strangled - - non fatally strangled.

**{¶29}** "Q. Did you see any blemish whatsoever on her neck?

**{¶30}** "A. I did not. No, sir.

**{¶31}** "Q. And nothing in her eyes?

**{¶32}** "A. No, sir.

**{¶33}** "Q. All right. And you know that she went to the hospital later on, correct?

**{¶34}** "A. Yes, sir.

**{¶35}** "Q. All right. And nothing at the hospital either?

**{¶36}** "A. Nothing at the hospital. As seen by the on duty physician.

**{¶37}** "Q. Now, when it - - explain to the - - the Jury, when a cop has to take - - I'm sorry - - an arrestee goes to the hospital, do the cops just get to say we'll trust you to come back here and pick up where we left off?

**{¶38}** "A. No, no, sir.

**{¶39}** "Q. How does that work?

**{¶40}** "A. Can you explain - -explain that again - -ask that again.

**{¶41}** "Q. Okay. I'm sorry. When- - when the arrestee, a defendant- -.

**{¶42}** "A. Right, defendant- -.

{¶43} "Q. Is arrested and then says hey look I need treatment- - I need to go to the hospital, do you guys just give them a key and say come back to the Alliance Police Department?

{¶44} "A. No.

{¶45} "Q. Let yourself back in when we're done?

{¶46} "A. They're- - they're in our custody.  I'm sorry.  They're in our custody. We take 'em up there.  We stay with them the entire time.  Let them explain to the doctor what happened.  We also have a chance to also explain to the physician what, you know, if there was any injury and also for them to check for those things as well.

{¶47} "Q. And by claiming the injury which did not occur, was an officer pulled of [sic] the street from his duties?

{¶48} "A. Absolutely, the- - yes, for that entire time- - hours over at the hospital.

{¶49} "Q. Is the officer able to conduct his normal duties and normal business affairs while he is pulled off the street to- - to go to the hospital and babysit this- -.

{¶50} "A. No, sir.  He's detailed with that and staying with the- - with the defendant the entire time.

{¶51} "Q. All right.  And that- - does that obstruct the standard, normal procedures, hamper and impede a police officer in his ordinary course of duties?

{¶52} "A. It does, yes, sir."

{¶53} Tr. at p. 54-56.

{¶54} Lieutenant Kevin Moore then testified,

**{¶55}** "Q. What happens when somebody sits at the hospital- - a police officer sits at the hospital for an hour waiting for somebody to be cleared?  Are they available to respond to calls for you?

**{¶56}** "A. No, they're not.  They're not allowed to respond to any calls cause they're tied up with a prisoner.

**{¶57}** "Q. How do you make that determination that it was a - - a phantom injury?  Did you personally look at her?

**{¶58}** "A. She had no visible injuries that I was able to observe at the scene. Officer Bartolet, advised me that when she requested to go to the hospital.  I advised to go ahead and take her and told him that if the doctor says that there's nothing wrong with her, that we were going to charge her.  And we advised her of that before she even left.

**{¶59}** "Q. But she went anyway?

**{¶60}** "A. Yes.

**{¶61}** "Q. All right.  And no injury?

**{¶62}** "A. No injuries were reported by the doctors.

**{¶63}** "Q. All right.  And this is the same Janean Slocum in question, sir?

**{¶64}** "A. Yes, it is.

**{¶65}** "* * *

**{¶66}** "A. [sic] All right.  You don't know if- -you did not know, sir, at the time Janean was arrested whether she had suffered any injuries or not, correct?

**{¶67}** "A.  Besides not seeing any visible injuries to Miss Slocum and having prac- - past incidents with Miss Slocum and dealing with her, no, I did not know if she

was injured or not. That's why I warned her that is she insisted on going to the hospital and she was not injured, and it was determined by the doctor that she was not injured, that she would be charged."

**{¶68}** Tr. at 73-75.

**{¶69}** Based upon the above, we find Appellant's conviction for obstructing official business is not against the manifest weight of the evidence.

**{¶70}** The second assignment of error is overruled.

**{¶71}** Appellant's conviction and sentence in the Alliance Municipal Court is affirmed.

By: Hoffman, P.J.

Wise, J. and

Baldwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Craig R. Baldwin_____
HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee              :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
JANEAN R. SLOCUM                       :
                                       :
    Defendant-Appellant             :          Case No. 2012CA00223


For the reasons stated in our accompanying Opinion, Appellant's conviction and sentence in the Alliance Municipal Court is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise _____
HON. JOHN W. WISE


s/ Craig R. Baldwin_____
HON. CRAIG R. BALDWIN